**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797
e-Mail:  kevin@kjclawgroup.com

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIAO CHEN, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LA CITY CARS LLC, a California limited liability company; and DOES 1 to 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.***<br><br>(JURY TRIAL DEMANDED) |

CLASS ACTION COMPLAINT

Plaintiff Xiao Chen brings this class action complaint on behalf of herself and on behalf of all others similarly situated against Defendant LA City Cars LLC ("LA City Cars" or "Defendant") to stop Defendant's practice of sending unsolicited text messages to telephones of consumers nationwide in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (the "TCPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows:

## **NATURE OF ACTION**

1.    LA City Cars is a Los Angeles-based car dealership. *See* https://www.lacitycars.com/#3.

2.    The TCPA strictly forbids nuisance text messages exactly like those alleged in this Complaint—intrusive text messages to private cellular phones whose phone numbers are obtained without prior express consent of call recipients, and texts made to consumers who have requested not to receive messages.

3.    The actions of LA City Cars violated the statutory rights of both Plaintiff and thousands of other class members. This class action, therefore, is the best means of obtaining redress for LA City Cars's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

4.    Plaintiff seeks an award of statutory damages under the TCPA, together with costs and reasonable attorneys' fees.

## **PARTIES**

5.    Plaintiff Xiao Chen is an individual citizen and resident of Los Angeles, California.

6.    On information and belief, Defendant LA City Cars LLC is a California limited liability company with its principal place of business in Downey, California.

7.    Defendant DOES 1 to 10 are alter egos, affiliates, related companies, and/or agents of LA City Cars and/or parties otherwise responsible for the actions and omissions alleged herein. At this time, Plaintiff does not know the true names and forms of Does 1

1

CLASS ACTION COMPLAINT

to 10 and therefore sues these Defendants by fictitious names. Plaintiff alleges that these Doe Defendants are responsible in some manner for the acts and omissions alleged herein and that Plaintiff's damages were caused by these Doe Defendants. Once the true identities and forms of these Doe Defendants are ascertained, Plaintiff will amend his Complaint accordingly.

8.    Each of the Defendants named herein are, and at all material times were, the agents, subagents, servants, employees, representatives, and/or alter-egos of each other, and purported to act within the scope of such agency, service, employment or representation in performing the acts and omissions described herein.

9.    Each of the Defendants named herein acted in concert with each of the other Defendants as co-conspirators, agents, representatives, employees or servants and are therefore jointly and severally liable for the claims set forth herein, unless otherwise alleged.

## JURISDICTION AND VENUE

10.    Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal statute (the TCPA).

11.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 because Defendant (a) resides within this District, (b) is authorized to conduct business in this District and has intentionally availed itself of the laws and markets within this District, (c) does substantial business within this District, and (d) the injury to Plaintiff occurred within this District.

## TCPA BACKGROUND

12.    In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102–243, §2(5), Dec. 20, 1991, 105 Stat. 2394 (codified at 47 U.S.C. § 227).

///

2

CLASS ACTION COMPLAINT

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

13.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service."  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

14.    Specifically, the TCPA prohibits the use of an automated telephone dialing system to make any telemarketing call or send any telemarketing text message to a wireless number in the absence of an emergency or the prior express written consent of the called party.  *See* 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *see also Rules and Regulations Implementing the Telephone Consumer Protection Act*, 27 FCC Rcd. 1830, 1831 (2012 order).

15.    "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

16.    "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

17.    Under the TCPA, the burden is on the seller to have obtained and documented, and to prove, prior express written consent.

18.    The TCPA also requires that those who make telemarketing calls have an internal written policy pertaining to "Do Not Call" requests.  *See* 47 C.F.R. § 64.1200(d) (requiring telemarketers to have or maintain a procedure for maintaining a do-not-call list; the regulation provides that businesses are prohibited from "initiat[ing] . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such

3

1  calls made by or on behalf of that person or entity."); *see also Powers v. One Techs., LLC*,

2  No. 3:21-cv-2091, 2022 WL 2992881, at *2 (N.D. Tex. July 28, 2022) (finding "that §

3  64.1200(d) was issued to further the privacy right in § 227(c)," so "the private right of

4  action contained in § 227(c) reaches violations of § 64.1200(d)" (footnote omitted)).

5  ### **FACTUAL ALLEGATIONS**

6  19.    Defendant, a Los Angeles-based car dealership, is a "person" as the term is

7  defined by 47 U.S.C. § 153(39).

8  20.    Plaintiff's telephone number, 626-XXX-3669, is a cellular telephone line,

9  which serves as Plaintiff's residential telephone.

10  21.    On March 4, 2025, Plaintiff explicitly revoked her consent to receive

11  marketing text messages from Defendant, as shown from the following screenshots.

12  Nonetheless, Defendant sent Plaintiff at least six additional text messages after she revoked

13  consent, thereby refusing to honor Plaintiff's do-not-call request.




CLASS ACTION COMPLAINT

1

2    22.    Plaintiff's explicit request that Defendant "STOP" texting her constituted a

3    directive that Plaintiff be placed on Defendant's internal do-not-call list.

4    23.    What makes this violation particularly egregious is that, after Plaintiff told

5    Defendant to "STOP" texting her, Defendant began texting her from a different phone

6    number.  However, Plaintiff confirmed that, notwithstanding the new number, Defendant

7    was still the one texting her:

8

9

10

11

12

13

14

15    

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

24. The messages received by Plaintiff were sent for the purpose of encouraging her to purchase goods or services from Defendant—namely, to induce Plaintiff to purchase or rent one of Defendant's vehicles. These calls and messages therefore qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

25. Plaintiff and all members of the classes defined below have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls and texts that constitute a nuisance. The calls and messages also occupied Plaintiff's telephone line from legitimate communication.

## CLASS ACTION ALLEGATIONS

26. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States:

<u>INTERNAL CALL LIST CLASS</u>

All persons within the United States who received one or more message from Defendant promoting its goods and/or services, while Defendant failed to institute procedures to maintain a list of persons who requested not to receive telemarketing messages, within four years of the filing of this action.

***CA INTERNAL CALL LIST SUBCLASS***

All persons within California who received one or more message from Defendant promoting its goods and/or services, while Defendant failed to institute procedures to maintain a list of persons who requested not to receive telemarketing messages, within four years of the filing of this action.

27. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

28. The members of the classes as defined above are identifiable through phone records and phone number databases.

CLASS ACTION COMPLAINT

29.    The potential class members number at least in the thousands.  Individual joinder of these persons is impracticable.

30.    Plaintiff is a member of the classes.

31.    There are questions of law and fact common to Plaintiff and to the proposed class members, including but not limited to the following:

    a.  Whether Defendant's calls and messages are solicitations;

    b.  Whether Defendant made calls and/or sent messages using a prerecorded voice;

    c.  Whether Defendant placed calls without the recipients' prior express written consent for the call;

    d.  Whether Defendant has a written policy, available upon demand, for maintaining a do-not-call list;

    e.  Whether Defendant complied with 47 C.F.R. § 64.1200(d)(2), which provides that persons who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list;

    f.  Whether Defendant continued to contact persons despite their request to be placed on a do-not-call list; and

    g.  Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

32.    Plaintiff's claims are typical of the claims of class members.

33.    Plaintiff is an adequate representative of the classes because her interests do not conflict with the interests of the classes, she will fairly and adequately protect the interests of the classes, and she is represented by counsel skilled and experienced in class actions, including TCPA class actions.

34.    The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

35.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

7

CLASS ACTION COMPLAINT

adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

36.    The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## COUNT ONE

## Violations of the TCPA

## (47 C.F.R. § 64.1200(d))

37.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

38.    47 C.F.R. § 64.1200(d)(1)–(3) requires persons or entities that make "calls for telemarketing purposes" to have certain mandated safeguards, including a written policy, available upon demand, for maintaining a do-not-call list.  47 C.F.R. § 64.1200(d)(1).

39.    47 C.F.R. § 64.1200(d)(2) provides that persons who are engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.  Courts have found violations of 47 C.F.R. § 64.1200(d)(2) where defendants continue to make unsolicited phone calls despite a plaintiff's request to be placed on a do-not-call list.  *See Andrews v. All Green Carpet & Floor Cleaning Serv.*, No. 5:14–cv–00159–ODW(Ex), 2015 WL 3649585, at *5 (C.D. Cal. June 11, 2015); *Kazemi v. Payless Shoesource Inc.*, No. C 09–5142 MHP, 2010 WL 963225, at *3 (N.D. Cal. Mar. 16, 2010).

40.    Defendant failed to fulfill these requirements—including by continuing to contact persons despite their request to be placed on a do-not-call list (including Plaintiff)—resulting in violations against Plaintiff and the Classes.

41.    Because Defendant failed to meet these requirements in violation of 47 C.F.R. § 64.1200(d), Defendant violated 47 U.S.C. § 227(c)(5).

42.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Call List Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

CLASS ACTION COMPLAINT

43.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Call List Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

44.     Plaintiff and the Internal Call List Class members also suffered damages in the form of invasion of privacy, wasted time, harassment, and frustration.

45.     Plaintiff and the Internal Call List Class members are also entitled to seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## **PRAYER FOR RELIEF**

**WHEREFORE**, for herself and all members of the Classes, Plaintiff requests the following relief:

A.     Certification of the proposed Classes;

B.     Appointment of Plaintiff as representative of the Classes;

C.     Appointment of the undersigned counsel as counsel for the Classes;

D.     A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.     An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F.     An award to Plaintiff and the Classes of damages, as allowed by law, including treble damages and attorneys' fees;

G.     Leave to amend this Complaint to conform to the evidence presented at trial; and

H.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the Classes, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

CLASS ACTION COMPLAINT

DATED:  March 30, 2025                  Respectfully submitted,

                                **KJC LAW GROUP, A.P.C.**


                          By:    */s/ Kevin J. Cole*
                                Kevin J. Cole

                                *Attorneys for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT